PER CURIAM:
The claimant brought this action for damage to a 1997 Mercedes, which occurred when the vehicle encountered a blow-up in a highway maintained by the respondent.
The incident giving rise to this claim occurred on May 20, 1998, at approximately 7:40 p.m. The claimant was driving southbound on Interstate 79 between the 104 and 105 mile markers near the Jane Lew exit. The weather was clear and dry. The evidence adduced at hearing established that the claimant’s vehicle struck an expansion joint between the road and a bridge where the concrete in the pavement had blown up. The vehicle sustained damage to three wheels and tires.
The claimant’s insurance deductible was $250.00.
The claimant was driving at approximately 70 miles per hour in the right hand lane. He testified that it was still daylight and that he did not need his headlights. He testified that he did not see the blow-up in time to avoid it.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads and that in order to hold the respondent liable for road defects of this nature, the claimant must prove that the respondent had actual or constructive notice. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947), Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The evidence established that concrete blow ups of this nature are caused by heat expansion and are by their nature unpredictable. The respondent’s regular practice was to inspect bridges every two years for defects. It was the respondent’s position that it had no prior notice of this blow up and should not be held liable. The Court, while sympathetic to the claimant’s position, is of the opinion that there is insufficient evidence of negligence on the part of the respondent upon which to base an award.
Claim disallowed.